**Leonard JACO and Genevieve Jaco, Appellants,**

v.

**SCHOLASTIC BOOK CLUBS, INC., and Scholastic, Inc., Respondents.**

**No. WD 65699.**

Missouri Court of Appeals, Western District.

Sept. 12, 2006.

John L. Cook, David J. Roth, II, Cape Girardeau, MO, for Appellants.

John P. Rahoy, T. Michael Ward, Teresa M. Young, St. Louis, MO, for Respondents.

Before SMITH, C.J., and HOWARD and NEWTON, JJ.

### Order

PER CURIAM.

Leonard and Genevieve Jaco appeal the order of the Circuit Court of Randolph County, Missouri, dismissing without prejudice, in accordance with Rule 55.27(g)(3)

of the Missouri Rules of Civil Procedure, 2006, their petition for damages for personal injuries and loss of consortium against respondent Scholastic, Inc., and its subsidiary, respondent Scholastic Book Clubs, Inc. (SBC). Mr. Jaco sought damages for injuries he received while unloading books at the respondents' facility in Moberly, Missouri. At the time, he was working as a truck driver for Jack's Truck Rental, which had been hired by the respondents to transport books. The trial court dismissed Mr. Jaco's personal injury claim for lack of subject matter jurisdiction based on its finding that he was a statutory employee of the respondents, in accordance with Mo.Rev.Stat. § 287.040.1 (2000) subject to the Missouri Workers' Compensation Law (WCL) of Chapter 287, such that his exclusive remedy for his injuries was under the WCL, vesting exclusive jurisdiction over his claim in the Labor and Industrial Relations Commission (Commission). The trial court also dismissed Mrs. Jaco's loss of consortium claim as being a derivative claim of Mr. Jaco's claim.

The appellants raise one point on appeal. They claim that the trial court erred in dismissing, pursuant to Rule 55.27(g)(3), their petition against the respondents for lack of subject matter jurisdiction, based on the court's finding that Mr. Jaco was a statutory employee of the respondents, pursuant to § 287.040.1, vesting exclusive jurisdiction of his claim against the respondents for personal injuries in the Commission, because in determining that he was a statutory employee, subject to the WCL and the exclusive jurisdiction of the Commission, the court made "factual determinations [which] were to be made by the jury, not the court," such that the necessary factual determinations to dismiss remain.

We affirm pursuant to Rule 84.16(b).